UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

Agron Hasbajrami,

        Petitioner

        v.

United States of America,

        Respondent

Case No. 11-CR-623

**CV 13    6852**

**GLEESON, J.**

MOTION TO VACATE, SET ASIDE OR CORRECT

NOW COMES Agron Hasbajrami, hereinafter known as "Petitioner" in the above-captioned action, respectfully moving before this Honorable Court with Petitioner's MOTION TO VACATE, SET ASIDE OR CORRECT Petitioner's sentence and conviction resultant thereof.

This motion is to be construed liberally ... and ... must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 US 89, 94, 127 S Ct 2197, 167 L Ed 2d 1081 (2007).

Petitioner requests that this Honorable Court exercise plenary review over the issues to be presented here so that Petitioner can be afforded all rights and protections, as well as all constitutional provisions and considerations.

STATEMENT OF ARGUMENT

PETITIONER WAS UNCONSTITUTIONALLY INDICTED, PROSECUTED AND
CONVICTED UNDER 18 U.S.C. § 2339A(a) AND 18 U.S.C. § 956(a).

I.  Petitioner moves to VACATE, SET ASIDE AND/OR CORRECT the injustice
conferred upon Petitioner as a result of the indictment in this case
and the resultant prosecution and conviction.  18 U.S.C. § 2339A(a) is
unconstitutionally vague and overbroad.  Petitioner argues that Counts
One, Two, Three, and Four should be dismissed because the designation
of the "alleged" co-conspirators as a "Foreign Terrorist Organization"
(FTO) is unconstitutional and provides no way for a criminal defendant
to challenge that designation.  Petitioner moves to dismiss all counts
of the indictment on the ground that the government lacked authority
to enforce the Special Administrative Measures (SAMs) underlying the
prosecution of this case.

II.  Petitioner moves to dismiss the indictment and resultant conviction
for failure to allege essential elements of the offense charged.  A
criminal statute implicating consitutional rights "must 'define the
criminal offense with sufficient definiteness so as that ordinary
people can understand what conduct is prohibited and in a manner that
does not encourage arbitrary and discriminatory enforcement.'"  "In
short, the statute must give notice of the forbidden conduct and set
boundaries to prosecutorial discretion."

(2)

When analyzing a "vagueness" challenge, "[A] court must first determine whether the statute gives the person of ordinary intelligence a reasonable opportunity to know what is prohibited and then consider whether the law provides explicit standards for those who apply it."

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient deiniteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.." However, "the Constitution does not require impossible standards; all that is required is that the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Therefore, "a void-for-vagueness challenge must be directed to a statute or regulation that purports to define the lawfulness or unlawfulness of the conduct."

### PETITIONERS ARGUMENT

In the case at bar, the government's ever evolving definition of what it means to provide material support in violation of § 2339A reveals a lack of prosecutorial standards that would "permit 'a standardness sweep [that] allows policemen, prosecutors, and juries to pursue their own personal predilictions.'"

Such allegations are constitutionally prohibited without a requirement that the government prove the Petitioner's specific intent to further the FTO's unlawful ends. "For liability to be imposed by

(3)

reason of association alone, it is necessary to establish that the group itself possessed unlawful goals and that the individual held specific intent to further those illegal aims."

Petitioner's indictment is void of terms found in the statute or reasonably inferable from it.  The government basically asked the court to construe the atatute to avoid constitutional questions. However, the court "is not authorized to re-write the law so that it will pass constitutional muster."  The indictment is void due to facial overbreadth.  Had Petitioner's counsel of record fully investigated the process that led up to the indictment, counsel would have found evidence to support the claims that Petitioner now raises in this motion before the court.  Had the government been forced to turn over all of the discovery in this case, up to and including the Grand Jury Transcripts, counsel for Petitioner could have better advised as to the proper strategy for defending against the unconstitutional charge and the egregious violation of Petitioner's constitutional rights.

In sum, Petitioner avers that he could have never knowingly and intelligently waived his right to collaterally attack his conviction and sentence as part of his plea agreement.  Furthermore, Petitioner avers that counsel's ineffectiveness and lack of due diligence in preparing a defense, led to Petitioner pleading to a charge that he is not truly guilty of.  Petitioner was of the understanding that he would receive anywhere from thirty years to LIFE had he not accepted the agreement offered by the government. Petitioner was intentionally misled by the government (with the aid and assistance of counsel of record) in this case.

(4)

Petitioner avers that the errors of counsel affected plea negotiations and the waiver of his collateral attack and appeal rights.  Counsel's egregious errors concerning advice and strategy rise to the level of a miscarriage of justice sufficient to overcome a collateral attack waiver.

## C O N C L U S I O N

WHEREFORE, because a full and comprehensive review of the record and the evidence used in this case does not support the finding of guilt, Petitioner's conviction and sentence should be VACATED in the interest of justice in order to prevent a total miscarriage of justice. The evidence and argument promulgated by the government does not, in its totality, promulgate the necessary aggravating factors to engage the the charges outlined in the indictment.  The lack of a sound nexus between Petitioner and the alleged FTO conspiracy is vague at best. The evidence on the record would lend this belief to a fair adjudicator of the facts.  Therefore, the conviction and resultant sentence should not be made to stand.


DATED:  July 10, 2013.                    Respectfully submitted,

                                          Agron Hasbajrami
                                          Reg. No.
                                          FCI Fairton
                                          P.O. Box 420
                                          Fairton, NJ  08320

C E R T I F I C A T E   O F   S E R V I C E

I hereby certify that I caused to be mailed a copy of the aforegoing PETITIONER'S MOTION TO VACATE, SET ASIDE AND/OR CORRECT SENTENCE, dated july 10, 2013, by placing same in the the hands of prison Mailroom officials, First-Class postage duly paid and affixed thereto, and addressed to the following:

Under the penalty of perjury, 28 U.S.C. § 1746, it is sworn to and declared by me that a true and correct copy of the enclosed was mailed by the undersigned before 5:00 p.m. on said date.

Agron Hasbajrami

| | | about timeliness will be resolved, if necessary, when the motion is made. A copy of this order, along with a copy of the docket sheet, will be mailed to Mr. Hasbajrami. Ordered by Judge John Gleeson on 12/3/2013. (Aronoff, Peter) (Entered: 12/03/2013) |
|---|---|---|
| 12/03/2013 | 61 | Letter *re Attached Copy of Defendant's Motion to Vacate, Set Aside or Correct Sentence and Conviction* as to Agron Hasbajrami (Attachments: # 1 Exhibit) (DuCharme, Seth) (Entered: 12/03/2013) |
| 12/04/2013 | | ORDER as to Agron Hasbajrami. In light of the government's submission of Mr. Hasbajrami's July application 61 , the Court's 12/3/13 order directing Hasbajrami to refile any such application is moot. Instead, the Court will construe the attachment as a motion under 28 U.S.C. § 2255 and direct the Clerk to open a new civil case as a collateral attack on Hasbajrami's conviction or sentence. A copy of this Order and yesterday's now-moot order will be mailed together to Mr. Hasbajrami. Ordered by Judge John Gleeson on 12/4/2013. (Aronoff, Peter) (Entered: 12/04/2013) |