# Steve Zissou & Associates
## Attorneys at Law
42-40 Bell Boulevard, Suite 302
Bayside, New York 11361

Office      (718) 279-4500
Facsimile (718) 281-0850

Email: stevezissou@verizon.net

**BY ECF**

March 26, 2014

The Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *United States v. Agron Hasbajrami*
            Criminal Docket No. 11-cr-623 (JG)
            Civil Docket No. 13-cv-6852 (JG)

Dear Judge Gleeson:

    I write to provide the Court with an update on the status of the two cases referenced above.

## Background

    On February 24, 2014, the government sent the defendant, Agron Hasbajrami, a letter supplementing their original Foreign Intelligence Surveillance Act ("FISA") notice, which was filed on September 13, 2011. The supplemental notice informed the defendant that, "pursuant to 50 U.S.C. §§ 1806(c) and 1881e(a), the government intended to offer into evidence or otherwise use or disclose in proceedings in the above-captioned matter information derived from acquisition of foreign intelligence information conducted pursuant to the Foreign Intelligence Surveillance Act of 1978." The letter/notice also advised Mr. Hasbajrami that the decision to provide him with additional disclosure was "based on a recent determination by the government that certain evidence or information obtained or derived from Title I and Title III FISA collection in this case was itself also derived from other collection pursuant to Title VII of FISA as to which [he was] aggrieved."

    In light of the government's belated disclosure, I contacted my client so that he could make a determination, in consultation with counsel, about how to proceed and we agreed that it would be prudent to meet in person. Regretfully, the facility has been unable to accommodate the visiting times that we requested. The attorney for the government, Seth DuCharme, graciously agreed to assist us in arranging a visit. Such visit has now been approved for this coming Saturday, March 29, 2014.

    In anticipation of meeting with Mr. Hasbajrami, the parties also held an informal meeting to discuss how best to proceed. During our discussion, I suggested to Mr. Ducharme that I was inclined to make a specific written demand for disclosure of the material that had not been previously provided to

the defense in the criminal case so that the defendant might be able to file a motion to vacate his conviction pursuant to R33 of the Federal Rules of Criminal Procedure. It is my understanding that the government would likely oppose any further disclosure on the grounds set forth in their February 28, 2014 letter/notice. If so, the defense would then move to compel disclosure. Once the Court issues a ruling on the motion to compel, the defendant could then decide how best to proceed.

If it is satisfactory to the Court, I will provide a status update following my weekend meeting with Mr. Hasbajrami.

Finally, to the extent that any such an order is necessary, I respectfully request that Michael Bachrach, Esq., be permitted to resume work on the criminal case. As the Court will recall, Mr. Bachrach was appointed along with me in the criminal case and has established a strong working relationship with our client. I believe that his assistance will help Mr. Hasbajrami make an informed decision and further the ends of justice ths matter.

Since this is a collateral proceeding, I have no objection should Your Honor be inclined to limit the amount of time counsel may spend on the matter without a further order of this Court.

Thank you for your consideration in this matter.

Respectfully submitted,

*Steve Zissou*

Steve Zissou

cc: Seth Ducharme, AUSA